UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:06-CV-32-TS |
| TRIMAS CORPORATION, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant TriMas Corporation's Objections to the Plaintiff's Bill of Costs [DE 41], filed on March 16, 2007.

**BACKGROUND**

The Plaintiff Union filed a lawsuit to compel the Defendant to arbitrate a grievance regarding the scope of the parties' Neutrality Agreement. Both parties moved for summary judgment. The Plaintiff also moved to strike the report of the Defendant's expert witness. On February 22, 2007, the Court issued an Opinion and Order granting the Plaintiff's Motion for Summary Judgment and ordering the Defendant to arbitrate the Plaintiff's grievance. The Court denied as moot the Plaintiff's motion to strike. On this same date, the Clerk entered judgment in favor of the Plaintiff.

On March 8, 2007, the Plaintiff filed a Bill of Costs seeking $4,378.70 for the cost of filing the civil action in federal court and the cost of obtaining fact and expert witness deposition transcripts. On March 13, the Clerk filed a Notice of Costs to be Taxed. On March 16, the

Defendant objected to the Plaintiff's Bill of Costs. The Defendant argued that the Plaintiff is not a prevailing party because the underlying issue remains to be resolved through arbitration and, in the alternative, that the cost of obtaining the deposition transcript of each party's expert witness is not a recoverable cost.

On March 27, the Plaintiff responded to the Defendant's Objections. The Plaintiff argued that it prevailed on the issue presented in the lawsuit and that the expert deposition costs were necessary and reasonable. On March 29, the Defendant filed a reply.

**DISCUSSION**

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Although Rule 54(d) creates a presumption that the prevailing party will recover these costs, the decision to make the award of costs is entrusted to the sound discretion of the district court. *Hastert v. Ill. State Bd. of Election Comm'rs*, 28 F.3d 1430, 1437 (7th Cir. 1993); *Soler v. Waite*, 989 F.2d 251, 254-55 (7th Cir. 1993). The presumption is difficult to overcome, and a district court's discretion is narrowly confined. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Rule 54(d) establishes a principle of preference—a district court must award costs unless it states good reasons for denying them. *Id.* (citing *Coyne-Delany, Inc. v. Capital Dev. Bd.*, 717 F.2d 385, 392 (7th Cir. 1983)). Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings) or the losing party's inability to pay will justify denying costs. *Id.* (citing cases). Unless the losing party affirmatively

2

shows that the prevailing party is not entitled to costs, a district court must award them, "as of course." *Id.* Nonetheless, before it can award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation. *Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998).

### A.     Prevailing Party

The Plaintiff brought this lawsuit to compel the Defendant to arbitrate its grievance. The Plaintiff prevailed on its claim when the Court granted the Plaintiff's Motion for Summary Judgment and ordered the Defendant to arbitrate. Whether the Plaintiff is ultimately successful on the issue to be presented to an arbitrator will not alter the outcome of the federal litigation and the Defendant's objection on the grounds that the Plaintiff is not a prevailing party are overruled.

### B.      Expert Witnesses Deposition Transcripts

The specific costs that are subject to taxation are set forth in 28 U.S.C. § 1920. These include court reporter fees for all or any part of a transcript "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Defendant argues that the deposition transcripts of its expert, John Toner, and the Plaintiff's expert, Leonard Page, are not recoverable because it "is not clear that either expert witness transcript cost was 'reasonably necessary' at the time it was taken." (Def. Obj. at 5.)

The Seventh Circuit has held that deposition transcript costs may be awarded under § 1920(2). *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 944 (7th Cir. 1988).

> In order for deposition transcripts to be allowed under § 1920(2), the court must find that the depositions were reasonably necessary in light of the facts known at

3

      the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. The deposition transcripts need not be absolutely indispensable in order to provide the basis of an award of costs. Accordingly, the Seventh Circuit has consistently maintained that costs may be awarded for deposing a witness who is not called at trial as long as the deposition was necessary when taken.

*Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 575 (N.D. Ill. 1997) (quotation marks and citations omitted); *see also M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) (The determination of necessity is made "in light of the facts known at the time of the deposition.").

      The Court finds that it was reasonably necessary to the Plaintiff's preparation of its case at the time to depose the Defendant's expert. After the Defendant disclosed Toner as an expert witness, it was necessary for the Plaintiff's effective preparation of the case for it to take his deposition. A party may depose an expert witness to prepare to adequately cross examine him, or to otherwise attack his opinion. In this case, it was entirely reasonable for the Plaintiff to order his transcript to respond to the Defendant's Motion for Summary Judgment, which relied heavily on Toner's opinion, and to prepare its motion to strike his report.

      When the Defendant retained an expert, it was reasonable and necessary for the Plaintiff to also obtain an expert. After the Defendant determined that it was necessary to depose the Plaintiff's expert, the Plaintiff was justified in obtaining a transcript of that deposition. That fact that the deposition did not prove to be absolutely indispensable when the Plaintiff did not cite to it on summary judgment does not render the cost unnecessary.

## CONCLUSION

      For the foregoing reasons, the Plaintiff's Bill of Costs is approved in the amount of

$4378.70. The Defendant's Objections to the Plaintiff's Bill of Costs are overruled and the Clerk is ORDERED to tax costs against the Defendant in the amount of $4378.70.

SO ORDERED on April 30, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION